<table>
<tr><td>DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>Court address: 201 La Porte Ave, Suite 100, Ft. Collins, CO 80521</td><td rowspan="2">Δ COURT USE ONLY Δ</td></tr>
<tr><td>KATHY BEVINS,<br>AND<br>SANDRA GOODRICH,<br>Plaintiffs<br><br>v.<br><br>FIRST NATIONAL BANK of Omaha, a Colorado Corporation,<br>Defendant.</td></tr>
<tr><td>Attorney for Plaintiffs:<br>Kelli R. Riley, Esq. Atty. Reg. # 44828<br>RILEY LAW LLC<br>4689 20th St. Ste. E<br>Greeley, Colorado 80634<br>Telephone: 970-573-6442<br>kelli@RILEYLAWLLC.com</td><td>Case Number:<br><br>Division:<br><br>Ctrm:</td></tr>
<tr><td colspan="2">DISTRICT COURT CIVIL SUMMONS</td></tr>
</table>

**TO THE ABOVE NAMED DEFENDANT:** FIRST NATIONAL BANK of Omaha.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: __12/20/19

_/s/Kelli Riley____________________________
Signature of Plaintiff's Attorney

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING: A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for**

**EXHIBIT 1**

**contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.**

**TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.**

| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>Court address: 201 La Porte Ave, Suite 100, Ft. Collins, CO 80521 | |
|---|---|
| **KATHY BEVINS,**<br>**AND**<br>**SANDRA GOODRICH,**<br>**Plaintiffs**<br><br>**v.**<br><br>**FIRST NATIONAL BANK of Omaha, a Colorado Corporation,**<br>**Defendant.** | **Δ COURT USE ONLY Δ** |
| Attorney for Plaintiffs:<br>Kelli R. Riley, Esq. Atty. Reg. # 44828<br>RILEY LAW LLC<br>4689 20th St. Ste. E<br>Greeley, Colorado 80634<br>Telephone: 970-573-6442<br>kelli@RILEYLAWLLC.com | Case Number:<br><br>Division:<br><br>Ctrm: |
| **COMPLAINT** | |

Plaintiffs Kathy Bevins and Sandra Goodrich, by and through their counsel, Kelli R. Riley, hereby file this complaint against First National Bank of Omaha. In support of this complaint, Plaintiffs state the following:

**STATEMENT OF THE CASE**

1. Plaintiffs were employees of Defendant. Defendant employed systematic discrimination to rid its mortgage processing department of older workers by disciplining and discharging older workers, while it provided training, assistance, and retention opportunities to younger workers throughout 2017 and 2018.

2. Defendant's discipline and discharge of Kathy Bevins was motivated by her age, 53, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"), as

amended, and in violation of her rights under Colorado Anti Discrimination Act, C.R.S. § 24-34-401, et seq. (“CADA”). This is an action for damages and equitable relief to redress the deprivation of Ms. Bevins’ rights under the ADEA and CADA, and for attorney’s fees and costs pursuant to these and other federal statutes as applicable.

3. Defendant’s discharge of Sandra (“Sandy”) Goodrich was motivated by her age, 67, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (“ADEA”), as amended, and in violation of her rights under Colorado Anti Discrimination Act, C.R.S. § 24-34-401, et seq. (“CADA”). This is an action for damages and equitable relief to redress the deprivation of Ms. Goodrich’s rights under the ADEA and the CADA, and for attorney’s fees and costs pursuant to these and other federal statutes as applicable.

4. Plaintiffs regularly worked through their lunch breaks and worked off the clock to attempt to complete their work. Plaintiffs were hourly non-exempt employees. This work time was not compensated. These work hours were overtime hours. This unpaid overtime is a violation of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*, (“FLSA”) and the Colorado Wage Claim Act, *See* C.R.S. § 8-4-101 *et seq.*, (“CWCA”).

**PARTIES, JURISDICTION, AND VENUE**

5. Plaintiff Kathy Bevins resides in Berthoud, Colorado, Larimer County.

6. Plaintiff Sandy Goodrich resides in Windsor, Colorado, Weld County.

7. Defendant First National Bank is a corporation doing business in Colorado.

8. Defendant has a location in Loveland, Colorado, Larimer County, where Plaintiffs worked.

9. Venue is proper because Defendant is a corporation that can be found in Larimer County, C.R.C.P. 98(c)(1), Larimer is the county designated in the complaint, C.R.C.P. 98(c)(1), and this is an action arising from acts that were committed in Larimer County, C.R.C.P. 98(c)(5).

**FACTS**

10. Defendant is a bank which operates in Loveland, Colorado and various locations throughout Colorado.

11. Defendant employed Plaintiff Kathy Bevins from April 4, 2016 until her termination on June 18, 2018.

12. Defendant employed Plaintiff Sandy Goodrich from June 8, 2015 until her termination on November 14, 2018.

13. Ms. Bevins was employed as a senior loan processor. Ms. Bevins performed her job duties satisfactorily.

14. Ms. Goodrich was employed as a senior loan processor. Ms. Goodrich performed her job duties satisfactorily.

15. Plaintiffs received raises on a regular basis.

16. Plaintiffs were praised for their work regularly before January 2017, and even received awards for their performance.

17. On January 15, 2018, under Kris McCombs, District Manager for First National Bank's Operations Department, a new pilot program was initiated.

18. During the January 15, 2018 implementation meeting, Ms. McCombs stated that not everyone was going to "make it," and looked directly at Ms. Bevins.

19. Under the new pilot program, the set-up department was completely eliminated and that work then shifted to loan processors.

20. In addition to her responsibilities as a loan processor, Ms. Bevins was now required to separate loan documents out appropriately and order appraisals and titles.

21. These were new tasks that Ms. Bevins had to learn how to do.

22. In implementing this new program, Ms. Bevins received very limited training and was not instructed on how to process these loans under the new system.

23. While management advised Ms. Bevins to not take out more than two loans per day, she was often handling anywhere between two and five per day.

24. When Ms. Bevins had questions regarding the process the pilot trainers never answered the phone or ignored her emails.

25. Additionally, under the new program First National Bank took away loan processor's review reports and required the processors to track the status of their loans by hand through dry erase boards and post it notes.

26. This new workload completely overwhelmed Ms. Bevins, as well as other loan processors.

27. When Ms. Bevins asked for help in order to complete these loans, she didn't get help from coworkers who were available.

28. In order to keep pace with the workload she regularly worked through her lunch and extra hours off the clock, because she was told she was not approved to work overtime.

29. In fact, one day she worked one hour of overtime and was reprimanded. In order to avoid a similar outcome, Ms. Bevins continued to simply complete her work off the clock out of fear of losing her job.

30. Ms. Bevins worked through her lunch nearly every day, and stayed about forty-five minutes late nearly every day from January 15, 2018 until her termination.

31. Ms. Bevins was terminated on June 18, 2018, for failing to keep pace with her workload.

32. Ms. Bevins' supervisor Cindy Pierce said "this is not your fault" when she terminated her.

33. After her termination, Ms. Bevins replacement, Sammy Blades, who is under forty years of age, was given a plethora of overtime in order to complete her work, as well as unlimited access to help in order for her to be successful in her position.

34. Ms. Goodrich was also part of the pilot program that began in January 2018.

35. In addition to her responsibilities as a loan processor, Ms. Goodrich was now required to separate loan documents out appropriately and order appraisals and titles.

36. These were new tasks that Ms. Goodrich had to learn how to do.

37. In implementing this new program, Ms. Goodrich received very limited training and was not instructed on how to process these loans under the new system.

38. Ms. Goodrich operated under this stress for months.

39. She was told that if she worked any overtime off the clock, she would be terminated yet never received approval for overtime.

40. Ms. Goodrich worked through her lunch nearly every day, and stayed about forty-five minutes late nearly every day from January 15, 2019 until her termination.

41. Younger workers were allowed to work overtime.

42. In order to keep pace with her workload, she regularly worked through her lunch and stayed late daily to keep up and continued to work extra hours but did not report those hours out of fear that she would be fired.

43. During this time, all of the loan processors struggled.

44. In July 2018, Kris McCombs made the comment about one of the loan processors in Omaha that was having difficulties with the new pilot program that "it's usually the older ones that couldn't keep up and have to be fired."

45. Ms. Goodrich's supervisor, Ms. Pierce, worked at the station right next to Ms. Goodrich and saw that Ms. Goodrich was there when she arrived and still there when she left each day.

46. Ms. Goodrich had heart surgery on March 7, 2018, and shortly after took a vacation until early April 2018.

47. When she returned from vacation Ms. Goodrich noted that little to no work had been done on her loans.

48. Ms. Goodrich struggled to keep pace and asked for help but was given none.

49. On May 18, 2018, Ms. Goodrich was demoted to Neighborhood Watch, an overflow department for loans.

50. At the time of Ms. Goodrich's demotion, the majority of the overflow loans were construction loans, a type of loan Ms. Goodrich had no experience with processing.

51. Ms. Goodrich was given no training on how to process these loans and had to learn by trial and error.

52. In this position, Ms. Goodrich's job duties consisted of ordering titles, flood, appraisals and separating and sorting various loan documents.

53. Management slowly began to take loans away from Ms. Goodrich. Although Neighborhood Watch was an overflow department and numerous loans were coming in, Ms. Goodrich was not allowed to pick up any loans unless they were assigned to her, which would be a few loans a week.

54. On November 14, 2018, Ms. Goodrich was terminated, told she was being laid off.

55. At the time of her termination Ms. Goodrich only had three loans in her portfolio despite a steady workflow of loans coming in.

**FIRST CLAIM FOR RELIEF**
(ADEA)

56. Plaintiffs hereby incorporate all allegations of the Complaint as though fully set forth herein.

57. Plaintiffs are each over forty years of age.

58. Defendant's pilot program made the workload difficult for everyone, but only older workers such as Plaintiffs were disciplined and terminated for failing to meet expectations.

59. Only Plaintiffs were denied additional resources such as overtime hours, training, and assistance to meet their workload.

60. Defendant terminated Plaintiffs based on their age.

61. Defendant's violations of the ADEA were willful.

62. As a result of Defendant's violations of the ADEA, Plaintiffs have suffered damages, including lost past and future wages, employment benefits, and other compensation.

63. In addition to their actual damages, Plaintiffs are entitled to recover liquidated damages in an amount equal to their actual damages, reasonable attorney's fees, interest, and costs,

pursuant to 29 U.S.C. § 626(b) of the ADEA, and 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
(Discrimination on the Basis of Age-CADA)

64. Plaintiffs hereby incorporate all allegations of the Complaint as though fully set forth herein.

65. Plaintiffs are each over forty years of age.

66. Defendant's pilot program made the workload difficult for everyone, but only older workers such as Plaintiffs were disciplined and terminated for failing to meet expectations.

67. Only Plaintiffs were denied additional resources such as overtime hours, training, and assistance to meet their workload.

68. Defendant terminated Plaintiffs based on their age.

69. Defendant's violations of the CADA were willful.

70. As a result of Defendant's violations of the CADA, Plaintiffs have suffered damages, including lost past and future wages, employment benefits, and emotional distress.

71. Plaintiff Kathy Bevins filed a charge of discrimination with the Colorado Civil Rights Division on December 12, 2018, and received a "Right to Sue" letter on October 31, 2019.

72. Plaintiff Sandy Goodrich filed a charge of discrimination with the Colorado Civil Rights Division on April 3, 2019, and timely requested a "Right to Sue" letter on October 29, 2019.

73. Plaintiffs have exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
(Unpaid Overtime-FLSA)

34. Plaintiff incorporates by reference all of the above paragraphs.

35. At all relevant times, Defendant has been an “employer” within the meaning of the Fair Labor Standards Act.

36. At all relevant times, Defendant has employed “employees,” including Plaintiffs, within the meaning of the FLSA.

37. Plaintiffs were employees of Defendant within the meaning of FLSA from June 2015 until November 2018.

38. As a result of the foregoing conduct, as alleged, Defendant has violated the FLSA. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

39. As a result, Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
(Unpaid Overtime-CWCA)

74. Plaintiffs hereby incorporate all allegations of the Complaint as though fully set forth herein.

75. At all material times, Defendant has been an “employer” within the meaning of the Colorado Wage Claim Act, § 8-4-101, *et seq.*

76. At all material times, Defendant has employed “employees,” including Plaintiffs, within the meaning of the Colorado Wage Claim Act, § 8-4-101, *et seq.*

77. Plaintiffs were employees of Defendant within the meaning of the Wage Claim Act from June 2015 to November 2018.

78. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the Wage Claim Act. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

79. As a result, Plaintiffs have been damaged in an amount to be determined at trial

## **DOCUMENT PRESERVATION**

80. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in favor of them and against Defendant as follows:

1. Awarding Plaintiffs declaratory and/or injunctive relief as permitted by law or equity;
2. Awarding Plaintiffs all economic and non-economic damages;
3. Awarding Plaintiffs their compensatory damages, attorneys' fees and litigation expenses as provided by law;
4. Awarding Plaintiffs their pre-judgment, post-judgment and moratory interest as provided by law;
5. Awarding Plaintiffs statutory penalties as provided by law.

Plaintiffs make a demand for a trial to a jury.

Respectfully submitted this 20th day of December, 2019.

*s/Kelli R. Riley*

Kelli R. Riley, Reg. #44828
RILEY LAW LLC
4689 20th St. Ste. E
Greeley, CO 80634

*Counsel for Plaintiffs*

| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>Court address: 201 La Porte Ave, Suite 100, Ft. Collins, CO 80521 | |
|---|---|
| **KATHY BEVINS,**<br>**AND**<br>**SANDRA GOODRICH,**<br>**Plaintiffs**<br><br>**v.**<br><br>**FIRST NATIONAL BANK of Omaha, a Colorado Corporation,**<br>**Defendant.** | **Δ COURT USE ONLY Δ** |
| Attorney for Plaintiffs:<br>Kelli R. Riley, Esq. Atty. Reg. # 44828<br>RILEY LAW LLC<br>4689 20th St. Ste. E<br>Greeley, Colorado 80634<br>Telephone: 970-573-6442<br>kelli@RILEYLAWLLC.com | Case Number:<br><br>Division:<br><br>Ctrm: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   X This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

   > By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. X This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date: _12/20/19_______________** **_/s/Kelli Riley____________________**

**Signature of Party or Attorney for Party**

**NOTICE**

This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.